1
2
3
4
5
6
7

8                                UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

11    EMILY PESSANO, *individually and as*          Case No.   1:24-cv-01189-EPG
      *guardian ad litem for her minor daughter*
12    *C.P.M.*,

13                         Plaintiff,               ORDER GRANTING MOTION TO APPOINT
                                                    GUARDIAN AD LITEM
14            v.
                                                    (ECF No. 7)
15    ANTHEM BLUE CROSS LIFE AND
      HEALTH INSURANCE COMPANY
16
                           Defendant.
17

18

19            This is an ERISA action, which seeks to compel Defendant to pay air ambulance

20    transportation costs for C.P.M. under an insurance policy. The complaint is brought by Emily

21    Pessano on behalf of her minor daughter, C.P.M.

22            Now before the Court is the motion to appoint Plaintiff Pessano as the guardian ad litem

23    for C.P.M. (ECF No. 7). For the following reasons, the Court will grant the motion.

24       **I.       REDACTION**

25            As an initial matter, the Court notes that Federal Rule of Civil Procedure 5.2(a)(3)

26    requires the name of a minor to be redacted to include only the minor's initials. However, Rule

27    5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own

28    information by filing it without redaction and not under seal."

Plaintiff Pessano has included C.P.M.'s full name in the complaint and motion to appoint guardian ad litem. Perhaps Plaintiff Pessano intends to waive the protection of Rule 5.2(a)(3) as to C.P.M. But because this is not clear from the filings, the Court will use "C.P.M." in this order and direct Plaintiff Pessano to file a document on the record, stating whether she intends to waive the protections of Rule 5.2(a)(3).

## II.    SUMMARY OF THE MOTION

The motion to appoint Plaintiff Pessano as C.P.M.'s guardian (ECF No. 7-1), which is supported by Plaintiff Pessano's declaration (ECF No. 7-2), states as follows: Plaintiff Pessano is C.P.M.'s mother, C.P.M. is two years old and resides with Plaintiff Pessano, and Plaintiff Pessano has no adverse interests to C.P.M. Further, the sole purpose of the guardianship is to ensure that any proceeds of the action are properly paid to the air ambulance transport provider for its services provided to C.P.M.

Further, Attorney Robert Rosati has provided a declaration (ECF No. 7-3) stating that Plaintiff Pessano entered into a fee agreement for C.P.M. in this case, that counsel did not become involved  at the instance of the party against whom the claim is asserted, that counsel does not have a material relationship to Defendant, and that counsel has not received compensation to date but expects to receive compensation from Plaintiff Pessano through invoiced hourly fees and costs. However, Plaintiff Pessano will recoup attorney fees and costs if she prevails and Defendant is ordered to pay those fees and costs.

## III.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>      . . . .

> (c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 9th Cir. 1986).

**IV.    DISCUSSION**

C.P.M. lacks the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601); Cal. Civ. Proc. Code § 372 ("When a minor, a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case."); Fed. R. Civ. P. 17(b) (noting that capacity to sue for an individual who is not acting in representative capacity is determined by the law of the individual's domicile).

Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Plaintiff Pessano and C.P.M. Additionally, there is nothing to indicate that Plaintiff Pessano would not act in C.P.M.'s best interests. *See M.P. by & through McCollum v. Cnty. of San Joaquin*, No. 2:23-CV-00245 AC, 2023 WL 3343956, at *1 (E.D. Cal. May 10, 2023) ("Fit parents are presumed to act in the best interests of their children.").

Further, the Court concludes that counsel has provided sufficient information of counsel's

interest under Local Rule 202(c). However, the Court may require more information from counsel in the future.

### V.      CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1.  By no later than October 25, 2024, Plaintiff Pessano shall file a statement regarding whether she intends to waive the redaction protections of Rule 5.2(a)(3) as to C.P.M.'s full name.

2.  The motion to appoint a guardian ad litem (ECF No. 7) is granted.

3.  Plaintiff Pessano is appointed as the guardian ad litem for C.P.M.

4.  Should there be a settlement of any claim brought on behalf of C.P.M., counsel is directed to seek court approval as required by Local Rule 202(b). Further, counsel must ensure that all of Local Rule 202's requirements are followed.

IT IS SO ORDERED.

Dated:   __**October 18, 2024**__            ___/s/ Erica P. Grosjean___

UNITED STATES MAGISTRATE JUDGE