UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PESSANO, *individually and as guardian ad litem for her minor daughter Calliope Pessano-Maldonado*,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA,<br><br>Defendant. | Case No.   1:24-cv-01189-JLT-EPG<br><br>ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE AND PERMITTING SUPPLEMENT IN SUPPORT OF PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(ECF No. 7) |

This is an ERISA action, which seeks to compel Defendant Blue Cross of California to pay air ambulance transportation costs for Calliope Pessano-Maldonado under an insurance policy. The complaint, as amended, is brought by Emily Pessano on behalf of her minor daughter, Calliope Pessano-Maldonado.[1]

Now before the Court is (1) the parties' joint request to seal information; and (2) Plaintiffs' unopposed petition for approval of minor's compromise. (ECF Nos. 23, 24). As discussed below, the Court will deny the motion to seal without prejudice and permit Plaintiffs to file a supplement in support of the petition.

---

[1] Although only a minor's initials would typically be used under Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff has waived such redaction protection under Rule 5.2(h). (ECF No. 14).

1

**I.     REQUEST TO SEAL**

The parties ask the Court to seal (1) their settlement agreement and (2) any transcript that is produced following the hearing on the petition. The motion is supported by the declaration of defense counsel.[2]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a court record is "traditionally kept secret,[3] a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying compelling reasons standard to request to seal documents in connection with application for approval of minor's settlement).

The Court must "conscientiously balance[] the competing interests of the public and the party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate

---

[2] As will be discussed later, the settlement agreement is provided with the petition and redacts all the agreement's terms. (ECF No. 24-2, pp. 6-13).

[3] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

1  libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "the mere
2  fact that the production of records may lead to a litigant's embarrassment, incrimination, or
3  exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

4      The parties offer two reasons to seal their settlement agreement: (1) "Confidentiality was a
5  bargained for term of the settlement and the Settlement Agreement contains provisions ensuring
6  the confidentiality of the settlement and the terms of agreement"; and (2) "[t]he Settlement
7  Agreement itself specifically discloses the settlement amount, as well as
8  other related information regarding settlement terms." (ECF No. 23-1, p. 2). The parties rely on
9  these same reasons to seal any purported "confidential information [that will be discussed] at the
10 hearing." (*Id.* at 3).

11     Beginning with the parties' first argument, the motion states as follows:

> In this case, confidentiality was a bargained for contractual term of the settlement.
> Hence, the settlement was made possible in significant part because of the Parties'
> mutual agreement to keep the settlement amounts and terms confidential. This
> mutual contractual obligation not to disclose the settlement amounts is an
> overriding interest that justifies the sealing. To deny the Parties the benefit of their
> bargain on confidentiality would deprive them of their settlement and frustrate
> their negotiation efforts. On the other hand, no benefit will be served to the
> members of the public by making such records publicly available. Thus, there is an
> overriding interest for confidentiality here that far outweighs the right of public
> access.

(*Id.* at 4).

    The Court does not find sufficient basis to seal the entirety of the settlement agreement
and transcript of the hearing on the motion for approval of the settlement. While the parties
provide a basis to seal the settlement amount, the parties do not identify a sufficient basis to seal
all terms of the agreement or the entirety of the transcript. *See Huff v. Thousandshores, Inc.*, No.
21-CV-02173-HSG, 2021 WL 6621065, at *2 (N.D. Cal. Dec. 1, 2021) ("the parties' preference
that their settlement remain confidential does not outweigh the [public's interest in disclosure].");
*Medina v. Cnty. of Monterey*, No. 24-CV-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr.
16, 2024) ("The Court first notes that the fact that the parties have agreed to keep information
confidential is not a compelling reason to seal court records.").

    The parties' next argument is based on privacy concerns relating primarily to the
settlement amount.

3

> Plaintiff has a legitimate and cognizable interest in being free from unwanted annoyance, harassment, and potential contact concerning the amount of money they will receive through settlement. A court order protecting the confidentiality of the financial terms of this settlement protects Plaintiff from those who might gain access to the Court's public record regarding this case.
>
> Additionally, Anthem has a strong interest in protecting against public disclosure the amount of consideration it is paying in this settlement.

(ECF No. 23-1, p. 5).

The Court agrees with the parties, and other courts, that the amount a minor plaintiff receives in a settlement can be a compelling reason in a case to seal information, so as to avoid the minor being subjected to unwanted attention based on the amount they received. *See, e.g.*, *Huff*, 2022 WL 547109, at *3 (agreeing to seal amount a minor would receive under settlement to avoid third parties from targeting or soliciting the minor when they are old enough to control funds). Accordingly, it finds compelling reasons to seal such information here, and will not require the parties to publicly disclose the settlement amount. *Medina*, 2024 WL 2112890, at *2 ("Under the circumstances of this case, the Court finds compelling reasons to seal the settlement amounts based on the redactions proposed by Plaintiffs because the settlement amounts are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff.").

Accordingly, the Court concludes that the parties have provided compelling reasons to seal the settlement amount but none of the other terms of the agreement. Thus, the Court will deny this motion to seal without prejudice to the parties filing a renewed motion to seal that provides a redacted version of the settlement agreement for public filing, such that only the amount of the settlement is sealed.[4] Additionally, the Court will not seal the hearing transcript, although the parties can move at the hearing, if necessary, to seal specific information from the record.

## II.    PETITION FOR APPROVAL OF MINOR'S COMPROMISE

Plaintiffs also request Court approval of the parties' settlement. However, the Court does not have enough information to appropriately address the petition at the upcoming hearing noticed for April 4, 2025, at 10 a.m. Thus, the Court will permit Plaintiffs to file a supplement.

---

[4] As described below, a full copy of the settlement agreement must be provided to the Court for full consideration of the petition for approval of minor's compromise.

4

Local Rule 202 governs approval of a minor's settlement. It states, in relevant part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (2) Approval in All Other Actions. In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2).

Further, there is a separate requirement for an attorney to disclose their interests:

> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Additionally, under Local Rule 202(e),

> Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]

*Id.* at 202(e).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In this inquiry, the district court is required to evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of

the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182. However, in *Robidoux,* the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.*

While the petition provides some relevant information—such as the age of the minor Plaintiff and the circumstances of the case—the Court has little information as to what the actual terms of the settlement agreement are because the copy of the agreement provided to the Court redacts all its terms, including the settlement amount. (ECF No. 24-2, pp. 6-13). Notably, under Local Rule 141(b), a request to seal is supposed to be emailed to the appropriate judge's e-mail box listed on the Court's website, accompanied by "all documents covered by the request." Here, Plaintiff did not send an unredacted version of the agreement to the Court's e-mail box.

Moreover, the petition itself does not reveal, in any detail, the major terms of the settlement—such as the settlement amount—because of the parties' arguments that the terms of their agreement are confidential. Notably, Plaintiffs' counsel does not reveal the full amount of the attorney fees at issue for purposes of the attorney's interest provision under Local Rule 202(c).[5] (*See* ECF No. 24-1, p. 4 – "Attorney's fees to be paid to Plaintiff's attorneys cannot be disclosed without inadvertently also disclosing the agreed upon reduced bill and terms of her settlement with REACH, the third party air ambulance provider."). Further, the Court requires specific information as to how any funds will be disbursed under Local Rule 202(e).

Accordingly, the Court will give Plaintiffs the opportunity to file a supplement in support of their petition, keeping in mind the guidance given above.

### III.     CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. The parties' motion to seal documents is denied without prejudice. (ECF No. 23).
    a. The parties are permitted to file a renewed motion, if any, by no later March 21, 2025, that proposes to seal only the amount of the settlement, and provides a

---

[5] In the order appointing Plaintiff Emily Pessano as the minor Plaintiff's guardian ad litem, the Court noted that counsel had provided sufficient disclosure as to attorney's interest thus far but that "the Court may require more information from counsel in the future." (ECF No. 8, p. 4).

redacted version for public filing and a complete copy to the Court.

    b. Likewise, the Court will deny the motion to seal the hearing transcript, but the parties can move at the hearing, if necessary, to seal specific information from the record.

2. Plaintiffs are permitted to file a supplement in support of their petition for approval of minor's compromise by no later than March 21, 2025.

    a. The publicly filed version of the supplement may redact the settlement amount from the body of the filing and the attached settlement agreement. The parties must send an unredacted version of the supplement and attached settlement agreement to the Court's e-mail box.

    b. Failure to file a proper supplement may lead the Court to vacate the hearing and recommend denying Plaintiffs' petition.

3. Telephonic appearances for counsel and all parties are permitted for the April 4, 2025 hearing at 10 a.m.

    a. To connect to the telephonic conference, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed #, and (5) enter *6 to unmute.

    b. The parties' attention is directed to Local Rule 202(d), which requires "the representative compromising the claim on behalf of the minor or incompetent, and the minor or incompetent [to] be in attendance unless, for good cause shown, the Court excuses their personal attendance."

IT IS SO ORDERED.

Dated: __**March 13, 2025**__                    /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE