UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PESSANO, *individually and as guardian ad litem for her minor daughter Calliope Pessano-Maldonado*,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA,<br><br>Defendant. | Case No.   1:24-cv-01189-JLT-EPG<br><br>ORDER GRANTING MOTION TO SEAL<br><br>(ECF No. 28) |

This is an ERISA action, which seeks to compel Defendant Blue Cross of California to pay air ambulance transportation costs for Calliope Pessano-Maldonado under an insurance policy. The complaint, as amended, is brought by Emily Pessano on behalf of her minor daughter, Calliope Pessano-Maldonado.[1]

Now before the Court is the parties' joint motion to seal only the settlement amount from their settlement agreement. (ECF No. 28). This motion follows the Court's prior order denying the parties' earlier motion to seal their entire settlement agreement. (ECF No. 25). For the reasons given below, the Court will grant the motion to seal the settlement amount.

I.   **REQUEST TO SEAL**

The parties ask the Court to seal only the settlement amount. The motion is supported by the declaration of defense counsel and the parties have provided a redacted copy of their settlement agreement that redacts only the settlement amount.

---

[1] Although only a minor's initials would typically be used under Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff has waived such redaction protection under Rule 5.2(h). (ECF No. 14).

1

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a court record is "traditionally kept secret,[2] a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying compelling reasons standard to request to seal documents in connection with application for approval of minor's settlement).

The Court must "conscientiously balance[] the competing interests of the public and the party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Relevant here, the parties seek to seal the settlement amount based on privacy concerns.[3]

---

[2] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

[3] Because the Court finds this a sufficient basis to seal the settlement amount, it need not address any of the parties' additional arguments.

2

> Plaintiff has a legitimate and cognizable interest in being free from unwanted annoyance, harassment, and potential contact concerning the amount of money she will receive through settlement. A court order protecting the confidentiality of the Settlement Amount protects Plaintiff from those who might gain access to the Court's public record regarding this case.

(ECF No. 28-1, pp. 5-6).

The Court agrees with the parties, and other courts, that the amount a minor plaintiff receives in a settlement can be a compelling reason in a case to seal information, so as to avoid the minor being subjected to unwanted attention based on the amount they received. *See, e.g.*, *Huff v. Thousandshores, Inc.*, No. 21-CV-02173-HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) (agreeing to seal amount a minor would receive under settlement to avoid third parties from targeting or soliciting the minor when they are old enough to control funds). Accordingly, it finds compelling reasons to seal such information here and will not require the parties to publicly disclose the settlement amount. *Medina v. Cnty. of Monterey*, No. 24-CV-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) ("Under the circumstances of this case, the Court finds compelling reasons to seal the settlement amounts based on the redactions proposed by Plaintiffs because the settlement amounts are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff.").

Because the Court concludes that the parties have provided compelling reasons to seal the settlement amount, the Court will direct the parties to file a sealed version of their settlement agreement.

## II.    CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. The parties' motion to seal the settlement amount is granted. (ECF No. 28).
2. By no later than March 21, 2025, the parties shall file a sealed and unredacted version of their settlement agreement.

\\\
\\\
\\\
\\\
\\\

3. The parties' attention is directed to Local Rule 141(e)(2)(i) for the proper procedure on filing a sealed document.

IT IS SO ORDERED.

Dated: __March 19, 2025__      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4