UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PESSANO, *individually and as guardian ad litem for her minor daughter Calliope Pessano-Maldonado*,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA,<br><br>Defendant. | Case No.   1:24-cv-01189-JLT-EPG<br><br>ORDER GRANTING MOTION TO SEAL, IN PART<br><br>(ECF No. 33) |

This is an ERISA action, which seeks to compel Defendant Blue Cross of California to pay air ambulance transportation costs for Calliope Pessano-Maldonado under an insurance policy. The complaint, as amended, is brought by Emily Pessano on behalf of her minor daughter, Calliope Pessano-Maldonado.[1]

Now before the Court is Plaintiffs' motion to seal a settlement agreement with a third-party (REACH) and unredacted versions of supplemental filings in support of Plaintiff's petition for approval of minor's compromise. (ECF No. 33). For the reasons given below, the Court will grant the motion to seal, in part.

I.   **MOTION TO SEAL**

In addition to the settlement agreement reached with Defendant, Plaintiffs reached a second settlement agreement to pay the outstanding bill of non-party REACH, which provided air ambulance services in connection with the allegations in the complaint. Plaintiffs seek to seal this

---

[1] Although only a minor's initials would typically be used under Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff has waived such redaction protection under Rule 5.2(h). (ECF No. 14).

1

1  agreement with REACH. Additionally, Plaintiffs ask to seal unredacted versions of supplemental
2  filings in support of Plaintiffs' petition for approval of minor's compromise, which filings reveal
3  the settlement information relating to REACH and the settlement amount reached with
4  Defendant, which the Court has already determined should be sealed. (ECF No. 29). Lastly, as
5  part of the request to seal, Plaintiffs state that the amount of attorney fees paid by Plaintiffs
6  should be sealed as the amount of the fees is equal to the settlement amount with Defendant
7  minus the amount owed to REACH—meaning, that the confidential settlement amount with
8  REACH could otherwise be determined by subtracting the amount of the attorney fees request (if
9  not redacted) from the amount of the settlement agreement with Defendant. (ECF No. 33-1, p. 3).

Plaintiffs' motion to seal represents that Defendant has no opposition to the motion: "Counsel for Anthem has communicated its non-opposition to this request without disclosure of the confidential information to Anthem." (*Id.* at 2). The motion is supported by the declaration of Plaintiffs' counsel and a redacted copy of the settlement agreement with REACH. (ECF No. 32).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a court record is "traditionally kept secret,[2] a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying compelling reasons standard to request to seal documents in connection with application for approval of minor's settlement).

The Court must "conscientiously balance[] the competing interests of the public and the

---

[2] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Relevant here, Plaintiffs seek to seal the settlement agreement based on privacy concerns.

> Plaintiffs have a legitimate and cognizable interest in being free from unwanted annoyance, harassment, and potential contact concerning not only the amount of money she will receive from Anthem in settlement of the instant action, but also the amount of money she will have to pay REACH and her attorneys out of those settlement proceeds distributed by Anthem. While it is in the Court's interest to receive that information for purposes of protecting plaintiff Calliope Pessano-Maldonado, a court order protecting the confidentiality of the same information from the public also protects Plaintiffs from those who might gain access to the Court's public record regarding this case.

(ECF No. 33-1, p. 6). The Court notes that Plaintiffs also seek to seal their supplemental filings, that, in addition to revealing the settlement amount with REACH, also reveal the settlement amount with Defendant, which the Court has already ordered to be sealed in this case. (ECF No. 29).

The Court agrees with Plaintiffs, and other courts, that the amount a minor plaintiff receives in a settlement can be a compelling reason in a case to seal information, so as to avoid the minor being subjected to unwanted attention based on the amount they received. *See, e.g.*, *Huff v. Thousandshores, Inc.*, No. 21-CV-02173-HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) (agreeing to seal amount a minor would receive under settlement to avoid third parties from targeting or soliciting the minor when they are old enough to control funds). Accordingly, it finds compelling reasons to seal the settlement amount with REACH, which information could be used

to glean the amount of Plaintiffs' settlement, and the Court will not require the parties to publicly disclose the settlement amount. *Medina v. Cnty. of Monterey*, No. 24-CV-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) ("Under the circumstances of this case, the Court finds compelling reasons to seal the settlement amounts based on the redactions proposed by Plaintiffs because the settlement amounts are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff.").

However, Plaintiffs have provided no justification to seal the other terms of the settlement agreement with REACH. Generally, they argue that the agreement should be sealed as to all terms because "confidentiality was a bargained for contractual term of the settlement between Plaintiffs and REACH." (ECF No. 33-1, p. 5). However, this is by itself an insufficient reason to seal the entire agreement. *See Huff v. Thousandshores, Inc.*, No. 21-CV-02173-HSG, 2021 WL 6621065, at *2 (N.D. Cal. Dec. 1, 2021) (noting that "the parties' preference that their settlement remain confidential does not outweigh the [public's interest in disclosure]"); *Medina v. Cnty. of Monterey*, No. 24-CV-00053-BLF, 2024 WL 2112890, at *2 (N.D. Cal. Apr. 16, 2024) ("The Court first notes that the fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records."). Moreover, the terms other than the settlement amount, which the Court has reviewed in an unredacted version of the agreement, reveal only standard contract terms, like the timing of payment, rather than information like trade secrets. Thus, the Court finds no potential prejudice to REACH or Plaintiffs from the disclosure of these additional terms of their agreement.

Because the Court concludes that Plaintiffs have provided compelling reasons to seal only the settlement amount with non-party REACH (and the already-sealed settlement amount with Defendant) the Court will direct Plaintiffs to file sealed versions of the documents at issue as specified below.[3]

\\\
\\\

---

[3] Because disclosure of attorney fees would, at this juncture, reveal the settlement amount with REACH, the Court will permit this information to remain redacted for now. However, the Court may revisit this issue in the future, especially if revelation of the amount of attorney fees would no longer reveal the settlement amount with REACH.

4

**II.     CONCLUSION AND ORDER**

Accordingly, IT IS ORDERED as follows:

1. Plaintiffs' motion to seal the settlement amount is granted, in part. (ECF No. 33).
2. By no later than March 28, 2025, Plaintiffs shall file (1) a sealed and unredacted version of their settlement agreement with REACH; and (2) a separate version of this same agreement that redacts only the settlement amount but no other terms of the agreement.
3. By no later than March 28, 2025, Plaintiffs shall file under seal unredacted copies of their (1) supplement in support of their petition for minor's compromise and (2) supplemental declaration of Raquel M. Busani. (ECF Nos. 31, 32).
4. Plaintiffs' attention is directed to Local Rule 141(e)(2)(i) for the proper procedure on filing a sealed document.

IT IS SO ORDERED.

Dated:   **March 25, 2025**                    /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE

5