UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PESSANO, *individually and as guardian ad litem for her minor daughter Calliope Pessano-Maldonado*, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA, <br><br> Defendant. | Case No.   1:24-cv-01189-JLT-EPG <br><br> ORDER GRANTING MOTION TO SEAL <br><br> (ECF No. 41) |

This is an ERISA action, which seeks to compel Defendant Blue Cross of California to pay air ambulance transportation costs for Calliope Pessano-Maldonado under an insurance policy. The complaint, as amended, is brought by Emily Pessano on behalf of her minor daughter, Calliope Pessano-Maldonado.[1]

Now before the Court is Plaintiffs' motion to file under seal (or redact) (1) various documents (specified below) that contain communications between Plaintiffs and their counsel regarding this case and (2) information that reveals or could reveal the settlement amount. (ECF No. 41). For the reasons given below, the Court will grant the motion to seal.

The main reason Plaintiffs offer to seal the redacted communications between them and their counsel is that these communications reveal privileged attorney-client information. For example, "[t]he Fee Agreement and letters between Plaintiffs' and their counsel, contain case plans, proposed strategies, case assessments, and confidential advice from counsel . . . ." (ECF

---

[1] Although only a minor's initials would typically be used under Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff has waived such redaction protection under Rule 5.2(h). (ECF No. 14).

1

1  No. 41-1, p. 2).

2      The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication. *United States v. Bauer,* 132 F.3d 504, 507 (9th Cir.1997). The attorney-client privilege exists where: "(1) [ ] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Graf,* 610 F.3d at 1156. Voluntary disclosure of privileged communications constitutes waiver of the privilege for all other communications on the same subject. *Weil v. Inv./Indicators, Research & Mgmt., Inc.,* 647 F.2d 18, 24 (9th Cir.1981). The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice.[3] If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist. *Id.*

*United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).

    Upon review of the communications at issue, the Court concludes that they fall within the attorney-client privilege, and thus it will permit unredacted copies of the documents to be filed under seal.

    As to the settlement amount and information that could reveal it, *e.g.*, the amount of attorney fees requested, the Court has already ordered that this information be redacted or sealed, and it will permit the same for any information in the subject filings. (ECF Nos. 29, 34).

    Accordingly, IT IS ORDERED as follows:

1. Plaintiffs' motion to seal is granted. (ECF No. 41).
2. By no later than May 15, 2025, Plaintiffs shall file the following documents under seal:
   a. The unredacted copy of the July 10, 2024 letter from Robert J. Rosati to Plaintiffs, attached as Exhibit 1 to the Supplemental Declaration of Robert J. Rosati.
   b. The unredacted copy of the Attorney-Client Blended Fee Agreement dated August 21, 2024 (the "Fee Agreement"), attached as Exhibit 2 to the Supplemental Declaration of Robert J. Rosati.
   c. The unredacted copy of the December 30, 2024, letter from Raquel M. Busani to Plaintiffs, attached without enclosures as Exhibit 2 to the Third Supplemental

Declaration of Raquel M. Busani.

    d. The unredacted copy of the January 27, 2025, letter from Raquel M. Busani to Plaintiffs, attached without enclosures as Exhibit 3 to the Third Supplemental Declaration of Raquel M. Busani.

    e. The unredacted copy the Third Supplemental Declaration of Raquel M. Busani In Support Of Unopposed Petition For Approval Of Minor's Compromise And Request To Seal.

3. Any information regarding the settlement amount, or information that would reveal it, may be sealed or redacted as previously ordered. (ECF Nos. 29, 34).

4. Plaintiffs' attention is directed to Local Rule 141(e)(2)(i) for the proper procedure on filing a sealed document.

IT IS SO ORDERED.

Dated: **May 8, 2025**                        /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE