# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY PESSANO, *individually and as guardian ad litem for her minor daughter Calliope Pessano-Maldonado*,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA,<br><br>Defendant. | Case No.   1:24-cv-01189-JLT-EPG<br><br>REDACTED FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE PETITION FOR APPROVAL OF MINOR'S COMPROMISE BE APPROVED<br><br>(ECF Nos. 24, 31, 42)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

In this civil action, Plaintiffs seek to compel Defendant Blue Cross of California to pay air ambulance transportation costs for minor Plaintiff Calliope Pessano-Maldonado (Calliope) under an insurance policy.[1] The complaint, as amended, is brought by Emily Pessano (Plaintiff Pessano) on behalf of her daughter Calliope.

The parties have settled the case, and Plaintiffs have filed an unopposed petition for approval of minor's compromise (later supplemented). (ECF Nos. 24, 31, 42). The presiding District Judge has referred the petition for the preparation of findings and recommendations. (ECF No. 12, p. 2).

Having considered the petition, the terms of the settlement, and the record in this matter, the Court finds the proposed settlement to be fair, reasonable, and in Calliope's best interests. Thus, the Court will recommend that the petition be approved.

---

[1] Although only a minor's initials would typically be used under Federal Rule of Civil Procedure 5.2(a)(3), Plaintiff has waived such redaction protection under Rule 5.2(h). (ECF No. 14).

1

**I.     BACKGROUND**

Plaintiffs filed this lawsuit under the Employee Retirement Income Security Act of 1974 (ERISA) on October 3, 2024. (ECF No. 1, p. 1). And on October 18, 2024, the Court granted Plaintiff Pessano's motion to be appointed as the guardian ad litem for Calliope. (ECF No. 8); *see* Local Rule 202(a). Plaintiffs amended their complaint on November 19, 2024. (ECF No. 17).

The amended complaint alleges that, through her employer, Plaintiff Pessano has a health insurance policy issued by Defendant, with Calliope being a beneficiary of the policy. (*Id.* at 2). In July 2022, shortly after Calliope was born, she required emergency air ambulance transportation for medical treatment. (*Id.* at 3). Thereafter, Plaintiff Pessano received collection letters from the air ambulance transportation company for $123,422. (*Id.* at 9). Ultimately, Plaintiff Pessano learned that Defendant had denied coverage for the air ambulance transportation costs as not medically necessary. (*Id.* at 10). The amended complaint asks for a declaratory judgment that Defendant must cover the air ambulance transportation costs. (*Id.* at 18). It does not seek monetary damages.

After notifying the Court that the parties settled the case, Plaintiffs filed an unopposed petition for approval of the settlement as to Calliope on February 26, 2025. (ECF Nos. 21, 24).

Supporting the petition for approval are supplemental briefs, the declarations of Plaintiffs' counsel, the settlement agreement with Defendant, a separate settlement agreement with the non-party air ambulance company (REACH) regarding the bill at issue, Plaintiffs' fee agreement, and various communications between Plaintiffs and their counsel. (ECF Nos. 24, 28, 31, 32, 35, 42).

In connection with the petition, the Court has permitted Plaintiffs to redact (and file unredacted documents under seal) (1) information that would reveal how much Calliope receives under the settlement and (2) confidential attorney-client communications. (ECF Nos. 29, 34, 44). Accordingly, because these findings and recommendations discuss sealed information, the Court will file both a sealed and redacted version on the docket.

On April 11, 2025, the Court held a hearing on Plaintiffs' petition. (ECF No. 39). Counsel for all parties were telephonically present, as well as Plaintiff Pessano. Thereafter, as permitted by the Court, Plaintiffs' counsel filed a supplemental brief supporting their claim for attorney fees. (ECF No. 42).  Accordingly, the matter is now ripe for decision.

## II. TERMS OF THE SETTLEMENT

Relevant here, the settlement agreement calls for Defendant to pay Plaintiffs a lump sum of REDACTED, with payment made payable to Attorney Rosati and Plaintiff Pessano within 30 days of the order approving the petition for approval of minor's compromise. (ECF No. 32-2, p. 3). This payment will satisfy all claims for this case, including claims that could have been asserted. (*Id.*). Within seven days of the payment, Plaintiffs agree to dismiss, with prejudice, this action, with each party agreeing to bear their own attorney fees and costs. (*Id.*).

As for the settlement agreement with non-party REACH, Plaintiffs agree to pay REACH REDACTED to satisfy the previously billed amount of $123,422 for air ambulance services. (ECF No. 35-1, p. 2). Under this agreement, payment to REACH is due within 30 days of Plaintiffs' receipt of the settlement payment from Defendant. (*Id.* at 3).

As for attorney fees and costs, Plaintiffs will pay their counsel the difference between the settlement amount from Defendant REDACTED and the amount they will pay REACH REDACTED, for a total of REDACTED.[2] (ECF No. 24-1, p. 4). Plaintiffs' counsel contends that this amount is less than total hourly amount of attorney fees incurred. (*Id.*). Accordingly, after REACH's bill and attorney fees and costs are paid, neither Plaintiff will receive money from the settlement. (*Id.*).

## III. LEGAL STANDARDS

Local Rule 202 governs approval of a minor's settlement. It states, in relevant part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (2) Approval in All Other Actions. In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2).

---

[2] The costs are a very small part of the requested award to Plaintiff's counsel—$548.75 ($405 for the filing fee and $143.75 for service of process). (ECF No. 24-1, p. 4).

3

Further, there is a separate requirement for an attorney to disclose their interests:

> (c) Disclosure of Attorney's Interest.  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Additionally, under Local Rule 202(e),

> Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]

*Id.* at 202(e).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In this inquiry, the district court is required to evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182. The Ninth Circuit has cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable." *Id.* Notably, "[i]f the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees." *Id.*

### IV.     DISCUSSION

The Court begins with the requirements under its Local Rules. Consistent with Local Rule 202(a), the Court previously granted Plaintiff Pessano's motion to be appointed the guardian ad litem for Calliope. (ECF No. 8). And as required under Local Rule 202(b)(2), Plaintiffs' petition

discloses Calliope's age (two years old), her sex (female), the nature of the causes of action being settled (ERISA violations), the facts and circumstances involved (Defendant's failure to pay air ambulance transportation costs and the parties' subsequent settlement of the case). (ECF No. 24-1, pp. 2-3).

As for the disclosure of attorney's interest under Local Rule 202(c), Attorney Robert Rosati previously provided a declaration in support of the motion to appoint guardian ad litem, stating that Plaintiff Pessano entered into a fee agreement for Calliope in this case, that counsel did not become involved at the instance of the party against whom the claim is asserted, that counsel does not have a material relationship to Defendant, and that counsel has not received compensation to date but expects to receive compensation from Plaintiff Pessano through invoiced hourly fees and costs. (ECF No. 7-3). And as discussed above, counsel now requests REDACTED in attorney fees. (ECF No. 31, p. 4).

Lastly, regarding the disbursement of the funds under Local Rule 202(e), Defendant will pay Plaintiff Pessano and Attorney Rosati the settlement amount within thirty days of approval of this petition, and Plaintiff Pessano, through her counsel, will pay the REACH bill within thirty days thereafter, with the remaining sum going to Plaintiffs' attorney fees and costs. (ECF No. 24-1, pp. 3-4).

As for the settlement amount, the Court considers whether it "is fair and reasonable in light of the facts of the case, [Calliope's] claims, and typical recovery by minor plaintiffs in similar cases." *Robidoux*, 638 F.3d at 1182. As to this issue, the petition states as follows:

> The settlement and distribution of the proceeds under the Settlement Agreement is reasonable in light of the facts of this case and Plaintiffs' claims and claims against them. Counsel for Plaintiffs was unable to find similar ERISA cases out of any circuit court where the denial of health insurance benefits was at issue and where the court approved or disapproved a minor's compromise, likely because at least in Plaintiffs' counsel's experience, settlements of ERISA actions for payment of denied health insurance benefits are usually paid directly to the third-party provider, with only attorney's fees and costs being disbursed directly to plaintiffs and their counsel.

(ECF No. 24-1, p. 5).

Importantly, Plaintiffs explain that they "are entitled to equitable relief under ERISA only and on that basis sought declaratory judgment against [Defendant] requiring payment of the

5

claimed denied benefits directly to REACH, and payment of attorneys' fees and costs incurred." (ECF No. 42, p. 3). Further, "[t]here is no favorable outcome to Plaintiffs here that would have resulted in the minor receiving any funds for any use other than to pay REACH." (*Id.*).

Upon review, the Court will recommend that the petition be approved. Notably, Plaintiffs' complaint only sought coverage for Calliope's air transportation costs, and under the settlement, Defendant will pay a sufficient amount to more than cover the amount that REACH currently seeks, which has been lowered from the original billed amount after negotiation with Plaintiffs' counsel. Accordingly, Plaintiffs will receive everything that they could have hoped for as far as legal relief. Moreover, at the hearing, the Court asked Plaintiff Pessano, in her capacity as Calliope's guardian ad litem, if she had any objection to the settlement. Plaintiff Pessano stated that she had no objection and was grateful for the work that counsel had done in ensuring that she did not have to pay the air ambulance transportation bill.[3]

In short, based on all the circumstances of this case, the Court concludes that the settlement is fair, reasonable, and in Calliope's best interests.

## V.     FINDINGS AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. The petition for approval of minor's compromise (ECF Nos. 24, 31, 42) be approved.
2. Defendant be directed to pay the settlement amount within thirty days of the District Judge's ruling on the petition.
3. Plaintiffs be directed to pay REACH's bill within thirty days of receipt of the settlement amount from Defendant.
4. The remainder of the settlement leftover after REACH's bill is paid be used to pay for Plaintiffs' attorneys fees and costs.
5. Neither Plaintiff is entitled to, nor will receive, any monetary compensation after

---

[3] While Plaintiffs' counsel has also provided supporting information regarding the reasonableness of the attorney fees sought here, the Court declines to make a specific finding regarding whether the fees are reasonable. As described above, these fees were paid entirely by the lump sum offered by Defendant, and there is no claim that would entitle Plaintiffs to any portion of that amount. Put another way, the only party who could have been harmed if counsel's recovery exceeded a reasonable amount would be Defendant— not Plaintiffs. Here, Defendant has not objected to this settlement, and likely could not under the terms of its settlement agreement. Thus, the Court finds that approval of this settlement does not require a determination as to the reasonableness of Plaintiffs' fees resulting from the settlement.

REACH's bill and attorney fees and costs are paid.

6. The parties be ordered to submit a request for dismissal of this action pursuant to the terms of their settlement agreement, which requires a stipulation of dismissal with prejudice to be filed within seven days after Defendant's payment of the settlement amount.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 16, 2025**              /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE